ROGERS v. PARKER, COUNTY JUDGE.

4-8305                                   203 S. W. 2d 401

Opinion delivered June 30, 1947.

*McKay, McKay & Anderson,* for appellant.

*Searcy & Searcy* and *Pat Robinson,* for appellee.

Robins, J. Appellant, a taxpayer of Lafayette county, Arkansas, seeks to reverse a decree of the lower court, by which appellant's suit, to enjoin the issuance and sale of bonds for the purpose of building a county hospital, was dismissed for want of equity.

In his complaint appellant alleged that appellee, as county judge, was about to sell bonds in the sum of $150,000 to be issued by the county, and that the proposed bond issue was illegal for the following reasons:

1. The county court had failed to prescribe the correct form for the ballot that was used in the election held to authorize the bond issue, in that the amount of tax to be levied was not shown thereon.

2. The sheriff's proclamation for said election was defective because it did not show that a bond issue was to be voted on or the millage necessary to be levied to pay principal and interest of said bonds.

3. The ballots used in said election did not show that a bond issue was being voted on nor did they show the amount of building tax to be levied.

4. The order approving the plans and calling the election was not sufficient because the location of the hospital was not stated therein.

5. A building tax "similar" to the one to be levied for the construction of the hospital had already been levied for the construction of a courthouse, authorized at an election held in 1940.

6. The county judge was without authority to advertise and sell the bonds for the hospital construction until after the levying court had levied a special building tax for said purpose, and that such levy had not been made.

Appellee, in his answer, did not dispute the allegations in the complaint, but denied that the legal consequences of the facts alleged were as averred by appellant; and appellee also alleged in the answer: "That it does not require the full five-mill tax to pay off the balance of the courthouse bonds, . . . and that the proposed issue for the county hospital, . . . will never require more than a mill and half to a two-mill tax, so that the county has not exhausted its power under Amendment No. 17 to the Constitution as amended by Amendment No. 25, to issue hospital bonds, by the issuance of the outstanding courthouse bonds."

Appellant demurred to the answer and the case was tried on the pleadings by the lower court, which made findings sustaining each of the contentions of appellee.

The objection of appellant to the form of the ballot used is not well founded. Amendment No. 17, as amended by Amendment No. 25, does not require that the ballot set forth the rate of tax to be levied. Dealing with this identical question in the case of *Turnbow* v. *Talkington*, 191 Ark. 492, 86 S. W. 2d 940, we said: "It was not contemplated that the electors should vote for the levy of any particular rate of taxation." The provisions of Act No. 294 of 1929, requiring that the amount of the proposed bond issue (for refunding) and the amount of the tax to be levied therefor be shown on the ballot, do not apply to an election called to determine whether the proposed courthouse, jail or hospital shall be built. It does not vitiate the election for the rate of tax that it is proposed to levy to be stated on the ballot; and we have said that when this is done, a levy exceeding the amount stated on the ballot may not be made. *Cisco* v. *Caudle, County Judge*, 210 Ark. 1006, 198 S. W. 2d 992.

960

Nor is it necessary that the election proclamation or the ballot contain information apprising the voter that a bond 'issue to pay the cost of construction is contemplated. Under Amendment No. 17, after the plans for the building and estimate of the cost are approved by order of the county court, the questions as to whether the building shall be constructed and as to whether the tax shall be levied must be submitted to the voters. If the voters favor both the construction and the tax this authorizes the levy of the tax and the issuance of the bonds.

We conclude that the election proclamation and the ballot form were in substantial compliance with the provisions of the constitutional amendment.

There is nothing in Constitutional Amendment No. 17 that required the county court, prior to the holding of the election to ascertain the will of the voters as to the proposed construction and tax therefor, to designate the site of the proposed hospital. Therefore, the failure of the county court to make such designation did not invalidate the election and other proceedings involved herein.

We are unable to determine from the record before us the rate of the tax levied by the levying court of Lafayette county in 1940, under the authority of Amendment No. 17, for the purpose of building a courthouse. The complaint alleges that in pursuance of an election there was levied in 1940, to pay for construction of a courthouse, a tax "similar" to the one proposed for the construction of the hospital, but nowhere in any of the pleadings is there any statement of the amount of millage so levied. We said in the case of *Cisco* v. *Caudle, County Judge, supra*: "Unquestionably a tax, not exceeding five mills, may be authorized by the electors for the building of a courthouse, a jail, or a hospital, not for each of them, but for any one or all of them. The entire power might be exhausted in the construction of any one of the three, but the amendment does not require that it shall be."

So, if a five-mill tax was levied in 1940 for the courthouse construction, the power of the county to levy any

further tax under the authority of Amendment No. 17 was thereby exhausted and no other such tax may be levied until all bonds issued to pay for construction of the courthouse have been retired. The fact that it may not be necessary, in order to pay such bonds, to collect the full amount of the levy as made by the levying court would not authorize any increase in the amount permitted to be levied for another building, because we may look only to the order of the levying court fixing the rate to be collected to ascertain the amount of the then authorized tax. Of course, if a tax of less than five mills was levied by the levying court for the construction of the courthouse, an amount of millage equal to the difference between the rate so levied and five mills would still be available for the construction of a hospital.

It is provided by § 5 of Amendment No. 17 that, if a majority vote in the election for the building and for the tax, "then the levying court at any regular, special or adjourned term thereafter held, may levy, . . . a special building tax . . . to pay for such improvements, . . ."

By § 6 of said amendment it is provided: "When such tax has been so voted and the amount thereof levied as shown above provided, *then* [emphasis ours] the county court or judge thereof may issue and sell interest-bearing negotiable bonds or notes . . ."

It will be seen that the amendment plainly requires that the *levy* of the tax should precede the issuance and sale of the bonds. It follows that the lower court erred in holding that the appellee was authorized to advertise and sell the bonds in advance of the order of the levying court making the levy of tax as authorized in § 5 of Amendment No. 17.

The decree of the lower court is reversed and the cause remanded with directions to sustain appellant's demurrer to appellee's answer and for further proceedings not inconsistent with this opinion.