City of West Memphis *v*. Jordan.

4-8428                                                  208 S. W. 2d 164

Opinion delivered January 26, 1948.

Rehearing denied February 23, 1948.

740

J. H. *Spears*, for appellant.

*Edward J. Rubens*, for appellee.

McHaney, J. Appellee, a citizen, taxpayer and qualified elector of the City of West Memphis, Arkansas, a city of the first class, brought this action against the City, its Mayor, Clerk, and members of the City Council to enjoin them from issuing $50,000 in bonds and from pledging any revenues therefor under the provisions of Amendment No. 13 to the constitution for the construction of a municipal auditorium in said city pursuant to the provisions of ordinance No. 135 adopted May 6, 1947, and after an affirmative vote of the electors of said city held on June 10, 1947.

Appellee alleged that prior to the adoption of said ordinance No. 135, to-wit, in 1938, the City Council had passed ordinance No. 77, pursuant to said amendment, which authorized the issuance and delivery of $50,000 in 4% bonds for the purpose of purchasing a site for and constructing a combination city hall and building to house the city's fire-fighting equipment, and for other purposes, which had been approved by a vote of the people, and had been issued, sold and delivered, are dated December 1, 1938, are not callable prior to maturity, ma-

ture January 1 of the years 1942 to 1960, and that the bonds Nos. 14 to 54, inclusive, aggregating $37,500 are still outstanding and cannot be paid prior to their maturity dates.

Section 4 of said ordinance 77 reads as follows: "In order to pay the bonds as they mature, with interest thereon, there is hereby levied upon all real and personal property within the City of West Memphis a tax of five mills for each of the years 1938 to 1959, inclusive, with five per cent. added for unforeseen contingencies, and if the proceeds of said tax are not sufficient to pay said bonds with interest as they mature then said levy shall be continued from year to year until the last of said bonds is paid in full; and the City Recorder is directed to transmit a certified copy of this section of this ordinance to the County Clerk of Crittenden county to the end that said taxes may be extended on the tax books of said county and collected annually along with the other taxes."

The bonds issued in 1938 under the provisions of ordinance 77 state on their face that: "For the prompt payment of this bond and all others of this issue and the interest thereon, the City of West Memphis hereby pledges its full faith, credit and taxing power, including the five mill tax authorized to be levied by said amendment to the Constitution (No. 13) and levies by Ordinance No. 77 of the City of West Memphis passed and approved on the 26th day of November, 1938."

Other allegations set out a complete history of the two ordinances and appellee's contention that the attempted pledge by Ordinance No. 135 of any part of the five mill levy made and pledged by Ordinance No. 77 is void.

Appellants answered admitting a number of the allegations of the complaint and asserted that, when the 1938 bonds were executed and delivered, the taxable property in the City was $849,121, and that a five mill tax thereon was required to pay the principal and interest on said bonds, but that since then there has been a large increase in the assessed valuation, so that at this

time it amounts to $1,386,527, and a five mill tax thereon produces substantially more than the total amount required to service both issues as they mature, as shown by the schedules of payment in both said ordinances.

A demurrer was interposed to the answer, was sustained, and this appeal followed.

Appellants say the question presented is: "Can the City of West Memphis use the surplus revenue derived from the five mill tax, and can it pledge this revenue in payment of a different bond issue, subject to the prior claim of the first bond issue?"

This question must be answered in the negative, as did the trial court. In the first place there is "no surplus revenue derived from the five mill tax" which is not already pledged by both § 4, above quoted, of said Ordinance No. 77 and the language in the bonds themselves, also above quoted. Not only is the whole of this five mill tax pledged to pay the principal and interest of the 1938 bond issue, but the full faith and credit of the City and all its taxing power are pledged for this purpose. There is, therefore, no surplus available to be pledged for the 1947 issue of bonds. It may be true, as the answer alleges and the demurrer admits, that a surplus accumulating in the bond account is over and above the amount necessary to service the 1938 bonds, but it is not avaliable for the purpose now sought, because it has been pledged. The levying of the full five mill tax in 1938, authorized by Amendment No. 13, exhausted the power of the City to levy any further tax under said amendment, except for bonds for water works and light plants, and no other tax may be levied under said amendment until all bonds issued in 1938 have been retired. *Rogers* v. *Parker, County Judge,* 211 Ark. 957, 203 S. W. 2d 401. See, also, *Campster et al.* v. *Sanderlin, County Judge, ante,* p. 665, 208 S. W. 2d 16.

The decree is accordingly affirmed.